# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| LAMONT MAURICE-EL, *a Moorish-American National, natural person in full life, in propria persona, sui juris, permanent representative of : Moorish Divine National Movement*,<br><br>Petitioner,<br><br>v.<br><br>JOHN WOLFE, *Warden of Jessup Correctional Institution (Inc.)*,<br><br>Respondent. | Civil Action No. TDC-15-3422 |

## MEMORANDUM ORDER

On November 9, 2015, Petitioner Lamont Maurice El filed a Petition for Writ of *Habeas Corpus* together with a Motion for Leave to Proceed In Forma Pauperis and a Motion for Summary Judgment. ECF Nos. 1, 2, & 3. Because Maurice El appears to be indigent, the Motion for Leave to Proceed In Forma Pauperis shall be GRANTED. *See* 28 U.S.C. § 1915(a)(1) (authorizing courts to allow indigent parties to proceed "without prepayment of fees"). On November 24, 2015, Maurice El filed a Motion to Amend the Petition. ECF No. 4. That Motion is GRANTED. The Court screens the Petition pursuant to 28 U.S.C. § 1915(e). For the following reasons, the Petition is DISMISSED without prejudice, and the Motion for Summary Judgment is DENIED.

Maurice El's Petition challenges his confinement at Jessup Correctional Institution resulting from a conviction in the Circuit Court of Charles County, Maryland for burglary, conspiracy, and theft. He claims that, because he is a Moorish National, his incarceration

violates the Fourth and Fifth Amendments of the United States Constitution and Article VI of the Treaty of Peace and Friendship of 1787/1837 between Morocco and the United States of America. In the Amended Petition, Maurice El claims that he was not actually convicted in state court. Instead, the court sentenced a person with a similar name. Maurice El's Motion for Summary Judgment and Amended Motion for Summary Judgment raise similar arguments and claim that he is entitled to immediate release based on undisputed facts contained in various affidavits.

Leaving aside that many or all of Maurice El's claims appear not to be cognizable on federal *habeas* review, the pending action must be dismissed because it is a successive *habeas* petition. Because Maurice El seeks relief from a state court judgment, his Petition is construed as one made pursuant to 28 U.S.C. § 2254. Maurice El has filed at least five prior § 2254 petitions in this Court. *See Maurice El v. Wolfe*, No. 15-3116 (D. Md. dismissed October 27, 2015); *Maurice El v. Warden*, No. 15-1913 (D. Md. dismissed July 28, 2015); *Maurice El v. Warden*, No. TDC-15-1574 (D. Md. dismissed June 30, 2015); *Maurice El v. Warden*, No. TDC-15-1066 (D. Md. dismissed May 14, 2015); *Maurice El v. Warden*, No. TDC-15-0763 (D. Md. dismissed May 14, 2015). In both TDC-15-1574 and TDC-15-1066, Maurice El raised identical claims, which the Court dismissed on the merits with prejudice, that his state conviction was invalid because the Maryland courts lacked jurisdiction over him as a Moorish national. Because the prior *habeas* petitions were rejected on the merits, the instant Petition must also be dismissed, unless Maurice El "shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A), or that:

> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense,

28 U.S.C. § 2244(b)(2)(A)(B); *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) (holding that a *habeas* petition can be dismissed as successive only if the prior petition was adjudicated on the merits).

Even where a second or successive petition meets these conditions, under 28 U.S.C. § 2244(b)(3), a petitioner may only file the successive petition if the appropriate United States Court of Appeals issues an order authorizing the district court to consider the application. *Id*. The pending Petition is successive, so this Court may not consider it unless the United States Court of Appeals for the Fourth Circuit enters an order authorizing the Court to do so. *See In re Vial*, 115 F.3d 1192, 1194-95 (4th Cir. 1997). Because it does not appear that Maurice El has complied with this provision, dismissal of the pending application for *habeas* relief will be without prejudice. His Motion for Summary Judgment is likewise denied.

The Fourth Circuit has set forth instructions regarding how petitioners may obtain the aforementioned authorization order, the procedural requirements and deadlines for which are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit, which addresses the procedure to be followed should Maurice-El seek authorization to file a successive petition. The Court emphasizes that Maurice El must file the request for authorization with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

Lastly, the Court informs Maurice El that a petitioner has no absolute entitlement to appeal a district court's dismissal of a *habeas* petition. *See* 28 U.S.C. § 2253(c)(1)(A) (explaining that there is no appeal as of right of a denial of "the final order in a habeas

proceeding in which the detention complained of arises out of process issued by a State court"). To appeal this Court's denial of his Petition, Maurice El must obtain a Certificate of Appealability ("COA"). A Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Maurice El has made no such showing here, this Court will not issue a COA. Maurice El may still seek a COA from the Fourth Circuit. *See* Fed. R. App. P. 22(b)(1) (explaining that if a district judge denies a COA, a petitioner "may request a circuit judge to issue it").

Accordingly, it is hereby ORDERED that:

1. The Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 2, is GRANTED;

2. The Petition, ECF No. 1, is DISMISSED without prejudice;

3. The Motion for Summary Judgment, ECF No. 3, is DENIED;

4. The Clerk shall provide Maurice El a copy of the Fourth Circuit's authorization packet;

5. The Court declines to issue a Certificate of Appealability; and

6. The Clerk is directed to close this case.

Date: January 4, 2015                                        /s/
                                                THEODORE D. CHUANG
                                                United States District Judge